# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JUAN ULLOA,

    Plaintiff

v.

NEVADA GOLD MINES, a Delaware Limited Liability Company,

    Defendants

Case No.: 3:21-cv-00495-RCJ-CSD

**Order**

Re: ECF No. 62

    Defendant Nevada Gold Mines (NGM) filed a motion regarding a discovery dispute concerning 176 requests for the production of documents (RFPs) propounded by NGM to Plaintiff. (ECF No. 62.) Plaintiff Ulloa filed a response. (ECF No. 66.)

    On February 17, 2023, the court issued an order noting that 176 RFPs seems excessive for litigation that does not appear to be unduly complex. The court likewise observed that Ulloa's responses that contained boilerplate objections and generic references to initial disclosures (without specifying the responsive documents) were insufficient. Finally, the court indicated that responses stating there were no responsive documents should not be the subject of dispute. The court ordered counsel for the parties to meet and confer in good faith within the week, and provide a joint status update on February 27, 2023, advising the court of the details of the meet and confer conference, and identifying those items that remain in dispute. The court advised the parties that if it determined they had not sufficiently met and conferred to reasonably resolve or at least narrow the numerous discovery items at issue, the court would require counsel to appear *in person* at the federal courthouse in Reno to meet and confer later this week. (ECF No. 64.)

The parties filed their joint status report on February 27, 2023. The parties met and conferred on February 23, 2023. The parties were able to narrow their dispute down to 155 RFPs: 1-22, 27-28, 32-49, 51-52, 54-74, 76-79, 81-109, 111-127, 129-144, 147-148, 150, 152-159, 162-164, and 166-179.

The court finds this is insufficient. The court will be issuing an order requiring counsel to appear *in person* at the federal courthouse in Reno, Nevada, on **Friday, March 3, 2023**, at **9:00 AM** to further meet and confer prior to a hearing on this motion as well as the motion for an extension of the scheduling order deadlines. The court finds that 155 remaining RFPs is overbroad on its face, and there has been no showing that this number of RFPs is proportional to the needs of this straightforward employment action. The burden on Ulloa of responding to this many RFPs clearly outweighs any perceived benefit by NGM. Therefore, counsel are required to meet and confer to narrow down the 155 remaining RFPs in dispute to **60**. Fed. R. Civ. P. 26(b)(1), (2)(A). If the parties cannot agree on the remaining 60 RFPs, the court will make that determination at the hearing.

**IT IS SO ORDERED**.

Dated: February 28, 2023.

_____
Craig S. Denney
United States Magistrate Judge