# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JUAN ULLOA, | ) |
|   Plaintiff, | ) |
| vs. | ) Case No. 3:21-cv-00495-RCJ-CSD |
| NEVADA GOLD MINES, a Delaware Limited Liability Company, | ) ORDER |
|   Defendant. | ) |

Pending before the Court are Plaintiff's Objections to Magistrate Order on Discovery, (Dkt. 89), and Motion to Extend Time, (Dkt. 86). For the following reasons, the Court denies the Motion and strikes the Objections.

On April 17, 2023, Magistrate Judge Denney issued a minute Order, (Dkt. 83), resolving Defendant's Motion Regarding Discovery Dispute, (Dkt. 75). One month later, on May 14, 2023, Plaintiff filed an objection pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. (Dkt. 89). Rule 72(a) allows parties to file objections to pretrial orders issued by a magistrate judge on non-dispositive matters within fourteen days of being served a copy of the order. Fed. R. Civ. P.

72(a); *see also* 28 U.S.C. § 636(b).  The Rule states that "[a] party may not assign as error a defect in the order not timely objected to."  *Id.*  This statement, added as a result of the 1991 Amendment to the Rule, "is intended to assure that objections to magistrate's order that are not timely made *shall not* be considered."  Advisory Committee Note to 1991 Amendment (emphasis added).

Plaintiff has filed a Motion to Extend arguing that good cause to extend the deadline for objections exists.  (Dkt. 86 at 1).  Plaintiff asserts that, in order to object, he needed to have a transcript of the hearing in which Judge Denney made his ruling, and the transcript was not issued until the day of the deadline to object.  (*Id.* at 1–2).  On this basis, Plaintiff argues that the Court should grant an extension pursuant to its authority under Rule 6(b)(1) of the Federal Rules of Civil Procedure and Local Rule IA 6-1(a).  (*Id.* at 1).  Both authorities require that the movant show that the delay was a result of excusable neglect.  Although objections brought under Rule 72(a) are not among those explicitly listed as ones in which "[a] court must not extend time to act" under Rule 6, Fed. R. Civ. P. 6(b)(2), the language of Rule 72(a) and the Advisory Committee Notes underscore that the Court has discretion over whether to review untimely objections such as those brought by Plaintiff.

Plaintiff offers no authority in this circuit for extending the deadline to object under Rule 72(a).  *See, e.g., Anticancer, Inc. v. Cambridge Rsch. & Instrumentation, Inc.*, 2008 WL 11286075, at *4 (S.D. Cal. Apr. 14, 2008) (acknowledging out-of-circuit authorities but declining to issue a ruling on the question).  Other circuits have held that the fourteen day deadline is not a jurisdictional bar to review, *Kruger v. Apfel*, 214 F.3d 784, 786–87 (7th Cir. 2000), and that untimely objections can be reviewed "where a grave injustice may be avoided[.]"  *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *see also*

*Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004) (noting that "the Sixth Circuit has considered the importance of the issues raised as one factor in applying the interests of justice exception"); Jeffrey Cole, *Reversing the Magistrate Judge*, Litigation, Winter 2010, at 8–9 ("A refusal to overrule the magistrate judge because the appeal was untimely will be measured by the highly deferential standard of abuse of discretion."). Even under these out-of-circuit standards, the Court holds that an extension is not necessary to avoid grave injustice in this case because timely objections could have been filed based on Judge Denney's minute order alone.

Accordingly, Plaintiff's Motion to Extend is denied and, as a result, the Court strikes Plaintiff's Objections as untimely.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Extend, (Dkt. 86), is **DENIED**.

IT IS FURTHER ORDERED that the Clerk shall **STRIKE** from the record Plaintiff's Objections to Magistrate Order, (Dkt. 89).

IT IS SO ORDERED.

Dated January 10, 2024.

_____
ROBERT C. JONES
United States District Judge